LEWIS HISTORICAL PUBLISHING Co., INC., Plaintiff, *v.* JOHN E. BOWE, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 4, 1932.

*Parsons & Constable*, for the plaintiff.

*Ernest M. Garbe*, for the defendant.

WATSON, J. Defendant moves for a reargument of plaintiff's motion for summary judgment.

It is urged that the court, in granting said motion, omitted to consider defendant's claim that the contract between the parties for the sale and delivery of the books was mutually rescinded by plaintiff's acceptance of said books which were returned by defendant within a short time after delivery.

All of the facts presented by the motion papers were carefully considered by the court in the determination of the original motion. By the terms of the contract, defendant agreed to pay the subscription price of the books upon delivery, and he further agreed that

the order therefor is not subject to countermand. The opposing affidavit states that " a copy of the order attached to the moving affidavit was signed by me upon certain representations which, when the books were delivered to your deponent in the early part of December, 1927, your deponent ascertained were absolutely false and untrue, and immediately your deponent re-shipped them via the Railway Express Agency to the plaintiff," in whose possession they have been since that date.

We are not told what were the representations made by plaintiff which induced defendant to sign the contract and in what respect such representations were false, necessitating or justifying the return of the books by defendant so as to relieve him of the obligations of his contract. Nor are we informed as to whether defendant at any time advised plaintiff that the books were returned by reason of the alleged false representations, and of the particulars thereof.

There is no dispute as to the fact that the books were returned. Plaintiff says, however, that, as there was no justification for their return, they were retained for defendant's benefit, but not accepted by it, since reshipment of them to the defendant would be a futile ceremony.

The defendant's affidavit is barren of any fact tending to establish a mutual rescission of the contract between the parties, or of any fact presenting a triable issue. The motion for a reargument of the motion granting summary judgment is accordingly denied.